KING et ux. v. COLLINS.  (No. 472.) *

(Court of Civil Appeals of Texas. El Paso. Oct. 28, 1915. Rehearing Denied Nov. 18, 1915.)

1. CONTRACTS  ⊜⟶332—ACTIONS—PETITION— SUFFICIENCY TO SUPPORT VERDICT.

A petition alleged that plaintiff contracted with defendant to install the plumbing and heating in a building, that the contract provided for payment upon architects' estimates as the work progressed, that payment of an estimate was refused, whereupon plaintiff abandoned the contract, but that he afterwards finished the work by special agreement with defendant, that there was due and owing him for work performed and material furnished $1,200, after deducting $1,300 theretofore paid, and after deducting from the contract price of $2,700, the reasonable cost and expense of installing the heating and plumbing, which sum of $1,200 was the fair and reasonable value over and above the amount paid for the work and material of which defendant had availed himself, and which he had used, kept, and retained. Held that, in the absence of an exception, the petition was sufficient to authorize a charge and a verdict either upon quantum meruit or for the balance of the contract price, as the amount due could be definitely ascertained in view of the allegation that the work was to be paid for upon estimates as the work progressed.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1615–1639; Dec. Dig. ⊜⟶332.]

2. APPEAL AND ERROR ⊜⟶1066 — HARMLESS ERROR—ERRORS NOT AFFECTING RESULT.

A judgment would not be reversed on the ground that the petition stated a cause of action on a quantum meruit, and the charge authorized a recovery of the balance due under a contract, where there was no question as to the reasonable value of the work done and material furnished, and there could therefore have been no other verdict rendered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220; Dec. Dig. ⊜⟶1066.]

3. MECHANICS' LIENS ⊜⟶93—PERSONS ENTITLED—STATUTORY PROVISIONS.

Under Rev. St. 1911, art. 5621, providing that any person or firm, etc., who may labor or furnish material, etc., to erect any house or improvement, shall have a lien on such house, building, etc., and all its properties, and on the lots of land necessarily connected therewith, where a contract for the installation of the heating and plumbing in a building provided for payments from time to time as the work progressed upon the architects' estimates, and the owner refused to make a payment on an es-

*Application for writ of error pending in Supreme Court.

timate, for which reason the contractor abandoned the contract, he was entitled to a lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 124; Dec. Dig. ☞93.]

**4. APPEAL AND ERROR ☞934—PRESUMPTIONS IN SUPPORT OF JUDGMENT.**

Where, in an action by a contractor who installed the plumbing and heating in a building to recover the amount due him and for the foreclosure of a lien, the court did not submit any issue as to plaintiff's right to a lien, and defendant did not request the submission of such an issue, an assignment that the court erred in decreeing the foreclosure of a mechanic's lien for the reason the jury made no finding on that issue would be overruled under Rev. St. 1911, art. 1985, providing that upon appeal or writ of error an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such a finding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782; Dec. Dig. ☞934.]

**5. APPEAL AND ERROR ☞1062—HARMLESS ERROR—SPECIAL ISSUES—ISSUES SUBMITTED.**

In an action on a contract, an assignment that the court erred in submitting an issue as to whether certain parties were defendant's agents because the controverted issue was not whether they were his agents, but whether they were authorized to enter into the contract, would be overruled, where the court submitted another issue as to the authority of such agents to enter into the contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–4218; Dec. Dig. ☞1062.]

Appeal from District Court, Harris County; A. R. Hamblen, Special Judge.

Action by J. B. Collins against F. B. King and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

L. A. Carlton and John Broughton, both of Houston, for appellants. Howard & Kendall, of Houston, for appellee.

HARPER, C. J. Appellee, Collins, sued appellant for certain money, alleging: That he entered into a contract with F. B. King, who in the execution of the contract acted personally and through his agents and architects, to install, according to plans and specifications agreed upon, the plumbing and heating of a building to be constructed by said King. That it was provided in said contract that the payments should be made upon estimates of the architects from time to time as the work progressed. That after certain estimates had been paid an estimate of $700 was given, upon which payment was refused, whereupon he abandoned his contract. Afterwards finished the work by special agreement with King. Appellants entered general denial; denied that the architects had authority to make contract; specially pleaded that they made no contract with appellee, but that the contract for the construction of the whole of the building was made with Russell & Co., as per conract attached. The case was submitted upon special issues, which, with the answers, are as follows:

"Special Issue No. 1. Do you or not find from the evidence that Dunderdale & Eastburn were the agents and representatives of defendant F. B. King? Answer: We find they were.

"Special Issue No. 2. Do you or not find from the evidence that defendant F. B. King authorized Dunderdale & Eastburn to enter into a contract with plaintiff, J. B. Collins, to install the heating and plumbing fixtures in defendant's building, and to bind defendant in the cost thereof? Answer: We find he did.

"Special Issue No. 2½. Did George Dunderdale, as the agent of the defendant F. B. King, in fact enter into a contract with the plaintiff, J. B. Collins, in which he purported to act as the agent of F. B. King? Answer: Yes.

"Special Issue No. 3. If you have answered issue No. 2½ in the affirmative, then, and only in that event, you will answer: What amount do you find from the evidence is the balance due plaintiff on said contract? Answer: $1,342.05.

"Special Issue No. 4. Did or did not plaintiff, J. B. Collins, furnish on defendant's building any extra labor and material? Answer: He did.

"Special Issue No. 5. If you have answered issue No. 4 in the affirmative, then and only in that event you will answer: Did or did not defendant King authorize any person to contract for and bind defendant King to pay therefor? Answer: We find he did.

"Special Issue No. 6. If you have answered issue No. 5 in the affirmative, then, and only in that event, you will answer: What person or persons do you find defendant King authorized to make contract with plaintiff, and what amount do you find from the evidence was agreed to be paid? Answer: We find Dunderdale & Eastburn. The original contract $2,700.00, and extras amounting to $366.25."

Upon which a judgment was rendered for appellee for the sum of $1,342.05, with foreclosure of lien.

[1] Assignments 1 to 5 urge that (a) the charge of the court, (b) the findings of the jury, and (c) the judgment rendered are not supported by the pleadings and the evidence, because appellee's action is to recover upon quantum meruit for work done, labor performed, and material furnished, and the charge permits the jury to find what was the balance due plaintiff on the contract pleaded.

The only paragraph of the plaintiff's petition which reveals whether he sued upon the contract or upon quantum meruit for that portion of the claim which arose before the contract was abandoned reads:

"That there is now due and owing this plaintiff, for work performed and material furnished in the installation of said heating and plumbing in said building under the said contract, the sum of $1,200, after deducting the sum of $1,300 heretofore paid to this plaintiff, and after deducting from the said contract price of $2,700 the reasonable cost and expense of installing the heating and plumbing provided for by the terms of said contract, which said sum of $1,200 is the fair and reasonable value over and above the amount paid for said work and material, of which the said King has availed himself, and which he has used, kept, and retained."

[2] Of course, the allegata and probata must correspond, and, if the above-quoted pleading is not sufficient to form the basis of the charge and the verdict, then the cause must be reversed. In the absence of an exception to the petition, we think it sufficient

to authorize the charge, either upon quantum meruit or for the balance of contract price. Gonzales College v. McHugh, 21 Tex. 257. The amount due could be definitely ascertained by reason of the fact pleaded, that the work was to be and was paid for upon estimates made by the architects as the work progressed, and, there being evidence to support the finding, it will not be disturbed. Besides, there seems to be no question of the reasonable value of the work done and material furnished by any evidence adduced by appellant, so there could have been no other verdict rendered, and in that case the cause should not be reversed upon the assignments, so they are overruled.

The sixth is that the court erred in establishing and decreeing foreclosure of a mechanic's lien on the defendant's property for the reason that the jury made no finding upon that issue; therefore the court could not look to the evidence for the purpose of ascertaining whether plaintiff was entitled to a lien.

The first proposition is that:

"If a case is submitted on special issues, answers made by the jury to questions submitted must form the basis of the judgment. If all of the issues necessary to support the judgment were not passed upon by the jury, it will be presumed on appeal that they were found by the court in such manner as to support the judgment. The application of this rule, however, will be confined to those issues which were necessary to support the judgment authorized by the findings. If there is an independent issue made by the pleadings upon which there is no request for a finding, and such issue is not essential to support the judgment entered on the findings made by the jury, the court is not authorized to determine such issue and enter judgment awarding other and further relief to that authorized by the finding."

The second proposition is:

"A contractor who abandons his contract because payments are not made by the owner at the time required by the contract is not entitled to a mechanic's lien, unless the payments are made conditions precedent to the performance of the work by the terms of the contract."

[3, 4] Appellee pleaded the contract between the parties, in which it is provided that the payments for the work shall be made from time to time, as it progressed, upon the estimates of the architects. He further pleaded that the appellant refused to make a $700 payment on an estimate of the architects as he had agreed to do, and for that reason he abandoned the contract, and there is evidence in the record to sustain the allegations, and article 1985, Revised Civil Statutes, provides that upon appeal or writ of error an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such a finding. The record does not reveal that appellant requested a special issue to be submitted. Appellee is entitled to his lien and its foreclosure under the pleading and evidence. Article 5621, Rev. Stat.

1911. The assignment is therefore overruled.

The seventh assigns as error the refusal of the court to give a requested special charge upon agency. The issue was sufficiently covered by the general charge given.

[5] The eighth charges that the court erred in giving special issue. No. 1 for the reason that the controverted issue in the case was not whether the parties were the agents of defendants, but whether they were authorized to enter into the contract; second, because undue prominence was given the question of agency by the court's charge. It will be noted in the answer to the first contention that the second special issue submits the question of. whether King authorized the agents to enter into the contract. We fail to see how any undue prominence was given the issue by the court's charge, and the appellant by statements has failed to point it out to us.

The assignments are overruled, and the cause affirmed.